**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALAN DALE SMITH,

      Petitioner-Appellant,

v.

WARDEN ROLLINS, Warden, Eyman
Rynning Unit, Florence, Arizona;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 00-2512
(D.C. No. CIV-99-1181)
(D.N.M.)

---

**ORDER AND JUDGMENT** [*]

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Alan Dale Smith, a New Mexico state prisoner incarcerated in Arizona, was convicted, pursuant to a plea agreement, of kidnaping, aggravated burglary and aggravated assault. Proceeding pro se, he seeks a certificate of appealability (COA) to challenge the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(1)(A) (no appeal unless COA issued). We deny issuance of a COA and dismiss the appeal.

After his conviction, petitioner filed a motion for post-conviction relief with the state court, but he did not give any grounds for relief. Consequently, the state court judge mailed copies of the New Mexico state rules pertaining to state post-conviction relief, including the rule for appealing from an order denying post-conviction relief. Thereafter, petitioner filed another request for post-conviction relief with the state court, which was denied on the merits. He failed to file a timely notice of appeal from that denial.

Petitioner then sought federal habeas relief, explaining that he had been unable to appeal timely the denial of his state post-conviction motion because, by the time he received the ruling, there were only five days until the deadline and he had been unable to get a form. The district court held that petitioner had not exhausted his claims because he had not appealed the state court's ruling.

Petitioner's failure to appeal the state post-conviction denial will procedurally bar his federal habeas claims unless he can (1) show cause for the default and actual prejudice, or (2) demonstrate that the failure to consider his claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Cannon v. Gibson, 259 F.3d 1253, 1265 (10th Cir. 2001). Because the district court dismissed the habeas petition on procedural grounds without reaching petitioner's underlying constitutional claims, we examine whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Petitioner has attached to his appellate brief various documents that were not provided to the district court. We do not consider them, but instead we evaluate the information on which the district court was required to make its decision. See John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994) (appellate court will not consider evidence not before district court). Petitioner's reasons for his procedural default – that he had only five days to file a notice of appeal and he had been unable to get an appropriate form – do not demonstrate "cause." Much of his argument is devoted to showing the obstacles he encountered in obtaining forms for post-conviction relief, rather than

the forms necessary to perfect his appeal. He has not explained why, in the five days between his receipt of the order denying post-conviction relief and the deadline for filing a notice of appeal, he was unable to mail a notice of appeal. He has also not shown how any problems with the Arizona prison legal system adversely affected his ability to file a notice of appeal. Therefore, the district court's procedural ruling was correct, and we need not examine the underlying constitutional claims. Slack, 529 U.S. at 485. Moreover, petitioner does not present an argument that federal review of the claims is necessary to prevent a fundamental miscarriage of justice. Therefore, he is barred from bringing the claims in federal habeas proceedings.

The application for issuance of a COA is denied. Appeal DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge